# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

JUAN CARLOS MONDRAGON VILLEGAS,

   *Petitioner*,

v.

KRISTI NOEM, SECRETARY OF HOMELAND SECURITY; TODD LYONS, ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT; PHILLIP VALDEZ, WARDEN OF EDEN DETENTION CENTER; MARY DE ANDA YBARRA, DIRECTOR OF EL PASO FIELD OFFICE IMMIGRATION AND CUSTOMS ENFORCEMENT; and DAREN K. MARGOLIN, DIRECTOR OF EXECUTIVE OFFICE OF IMMIGRATION REVIEW,

   *Respondents*.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No.  3:25-CV-00567-LS

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Petitioner Juan Carlos Mondragon Villegas filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a temporary restraining order and preliminary injunction.[2] For the following reasons, the Court denies Petitioner's motion.

## I.     LEGAL STANDARD.

The elements required to grant a motion for injunctive relief are:

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not

---

[1] ECF No. 1.

[2] ECF No. 2.

granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. [3] When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny a preliminary injunction.[5]

## II.    ANALYSIS.

In his motion for a temporary restraining order and preliminary injunction, Petitioner requests that a hearing be held on his petition for a writ of habeas corpus at the earliest possible opportunity.[6] The Court has ordered Respondents to show cause why the writ should not be granted.[7] Once Respondents have shown cause, a hearing may be set in the case.[8] The Court will not set a hearing in this case before then.

## III.    CONCLUSION

For this reason, Petitioner's motion [ECF No. 2] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 25, 2025.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] ECF No. 2 at 1–3.
[7] ECF No. 3.
[8] 28 U.S.C. § 2243.